# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DEREK RALPH LICHTENWALTER, | ) | CASE NO. 5:19-cv-2492 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| ORVIS L. CAMPBELL, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the three-part motion (Doc. No. 11) of pro se plaintiff, Derek Ralph Lichtenwalter ("Lichtenwalter" or "plaintiff") to reopen this case, to proceed *in forma pauperis*, and to have the assistance of counsel. This motion was filed on June 23, 2020, having been mailed from plaintiff's place of confinement—Belmont Correctional Institution—on June 10, 2020. The Court construes the motion to reopen as a motion for relief from judgment under Fed. R. Civ. P. 60. For the reasons set forth herein, the part of the motion seeking to proceed *in forma pauperis* is granted; the other two parts of the motion—to reopen and for assistance of counsel—are denied.

On October 25, 2019, plaintiff filed his pro se complaint against the Sheriff of Tuscarawas County and certain personnel at the Tuscarawas County Jail, alleging that he was receiving inadequate medical care (because he was not receiving his medication) and inadequate food. (*See* Doc. No. 1.) On December 16, 2019, plaintiff filed a motion to voluntarily dismiss his complaint because he was "now receiving [his] medication" and was "being released from the jail." (Doc. No. 6 at 50.[1]) The Court granted his motion, dismissing the action on December 27, 2019. (Doc. No. 10.)

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

The instant motion seeks to reopen the case and to then amend the complaint to add allegations and defendants. The motion acknowledges that plaintiff has a pending habeas corpus petition in the U.S. District Court for the Southern District of Ohio (where Lichtenwalter is represented by appointed counsel) that addresses some of the same matters he seeks to address here by reopening this case.[2] In substance, plaintiff argues that, for various reasons, he is at higher risk for contracting COVID-19. He states, with no specificity, that he is "now harmed as a result of the decisions of Tuscarawas Medical, and Guernsy [sic] Medical, as well as ODRC Medical." (Doc. No. 11 at 61.) Lichtenwalter seeks both release from his current confinement and a declaratory judgment that would allow him to "seek punitive and recompensitory [sic] damages." (*Id*. at 60.)

Fed. R. Civ. P. 60(b) provides that a court may relieve a party from a final judgment for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

---

[2] *Lichtenwalter v. Warden of Belmont Correctional Institution*, Case No. 2:20-cv-1559 (filed March 30, 2020).

Lichtenwalter has failed to offer any reason from among the six permitted by the rule. Moreover, he offers no explanation why this Court should simultaneously address matters already being addressed in the Southern District—matters that are *new* to this case (involving entirely new defendants), which have clearly developed under new circumstances since plaintiff's voluntary dismissal of this case.

To the extent Doc. No. 11 seeks leave to proceed *in forma pauperis*, the motion is granted. To the extent Doc. No. 11 seeks to reopen this case, no cause having been shown for such relief under Fed. R. Civ. P. 60(b), the motion is denied. To the extent Doc. No. 11 seeks appointment of counsel, the motion is denied. The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: June 24, 2020

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**